UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARSHA F. HARRIS a/k/a | § | |
| MARSHA F. HALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| U.S. DEPARTMENT OF EDUCATION AND | § | |
| NCO FINANCIAL SYSTEMS, INC. | § | |
| | § | |
| Defendants. | § | |

**COMPLAINT FOR VIOLATIONS OF THE DEBT COLLECTION IMPROVEMENT
ACT OF 1996 AND THE FAIR DEBT COLLECTION PRACTICES ACT AND
<u>REQUEST FOR AN EMERGENCY TEMPORARY RESTRAINING ORDER</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF, Marsha F. Harris a/k/a Marsha F. Hall, and files this

Complaint and Request for Emergency Ex-Parte Temporary Restraining Order. Plaintiff

respectfully shows the Court the following:

## I.    SUMMARY

Plaintiff files this action seeking an injunction against the U.S. Department of Education
and NCO Financial Services from further garnishment of her wages.  Defendants failed to follow
the proper procedure regarding notice requirements under federal law prior to implementing
wage garnishment. Defendants' willful violations resulted in Plaintiff's inability to pursue
voluntary and less disruptive repayment options. Defendants' failure to adhere to statutory
guidelines has necessitated the need for Plaintiff to file this action and seek emergency relief
from wrongful wage garnishment. All of Plaintiff's pre-litigation requests for a non-judicial
resolution of this matter have been ignored by Defendants. The wrongful garnishment has caused
Plaintiff to experience significant financial hardship which will not cease absent an injunction
from this Court.

## II.    JURISDICTION AND VENUE

1.  Plaintiff brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692

*et seq.* ("FDCPA") and the Debt Collection Improvement Act of 1996, 31 U.S.C. §3701 *et seq.* ("DCIA").

2.  This Court has jurisdiction pursuant to the following statutes:

a.      Federal question jurisdiction, 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

b.      28 U.S.C. §1346(a)(2) which gives district courts original jurisdiction over claims against the United States, not exceeding $10,000.00 in amount, which is founded upon either an Act of congress or upon any express or implied contract with the United States.

c.      28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims.

3.  Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events giving rise to this Complaint occurred in this district.

## III.      PARTIES

4.  Plaintiff, MARSHA F. HARRIS a/k/a MARSHA F. HALL (hereinafter referred to as "Plaintiff" or "Ms. Harris"), is a citizen of the United States and resides in the county of Brazoria, State of Texas, which is in this judicial district.

5.  Defendant, U.S. DEPARTMENT OF EDUCATION ("DOE"), is the federal agency responsible for the lending and collection of federally backed student loans.  The Department of Education may be served at 400 Maryland Ave SW, Washington, D.C. 20202.

6.  Defendant, NCO FINANCIAL SYSTEMS, INC. ("NCO") was contracted with the DOE to collect student loan accounts from allegedly delinquent borrowers. NCO may be served through its registered agent, CT Corporation System, 1999 Bryan St., Ste 900, Dallas, TX 75201.

## IV.    STATEMENT OF FACTS

7.   The DOE contracted with NCO for collection of a student loan debt allegedly owed by Marsha F. Harris with a borrower number ending in 7527.

8.   On August 8, 2014, the DOE sent correspondence to Plaintiff's employer containing a Wage Garnishment Order and directing her employer to withhold a percentage of Plaintiff's disposable pay.   A true and correct copy of the letter is attached hereto as Exhibit "A" and incorporated herein by reference. The letter stated that "We have previously notified the employee that this action was going to take place and have provided the employee with the opportunity to dispute the debt."   However, neither the DOE nor NCO provided Plaintiff with any advance notice of its intent to garnish her wages in violation of the DCIA.

9.   On or about August 26, 2014, Plaintiff was informed by her employer's payroll department of the Garnishment Order.   She immediately contacted NCO and spoke with a representative, Cassandra Mungin.   Ms. Mungin stated to Plaintiff that they had <u>not</u> sent any correspondence to Plaintiff regarding possible wage garnishment prior to the order sent to Plaintiff's employer. Ms. Mungin advised Plaintiff to submit a Request for Hearing to NCO which Plaintiff did immediately.

10.  In addition to the Request for Hearing, Plaintiff also sent a Request for Validation and written dispute of the debt via certified mail to NCO pursuant to the FDCPA.   A true and correct copy of Plaintiff's letter to NCO is attached hereto as Exhibit "B" and incorporated herein by reference. Despite Plaintiff following the appropriate procedures and federal laws dictating that collection efforts must cease for at least thirty (30) days, the DOE and NCO proceeded with the Wage Garnishment after receiving the timely dispute and validation letters from Plaintiff.

11.  Plaintiff's wages were wrongly garnished by DOE and NCO on September 1, 16th, and

October 1st and 16th, 2014 in the amount of $410.00 respectively. This wrongful garnishment has caused extreme and undue hardship on Plaintiff. Plaintiff's wages continue to be garnished each pay period without due process.

12. Plaintiff retained the undersigned counsel to help facilitate communication with NCO and request that Defendants cease wage garnishment until the appropriate procedures are followed allowing Plaintiff an opportunity to set up voluntary payments. Plaintiff also disputed the amount being claimed as due with Defendants and requested an accounting of all payments received by Plaintiff.   Plaintiff contends that she has made voluntary payments towards the account to various collection agencies acting on behalf of the DOE but neither the DOE nor NCO has offset the balance to account for those payments.

13. Plaintiff's counsel sent correspondence to NCO on September 17, 2014 requesting that they immediately stop the wage garnishment until Plaintiff is granted a hearing and all necessary protocol has been followed. A true and correct copy of the Letter sent to NCO is attached hereto as Exhibit "C" and is incorporated herein by reference.  Plaintiff's counsel then followed up with numerous telephone calls to NCO but was not able to speak with anyone familiar with Plaintiff's account.

14. Plaintiff's counsel later received the correspondence attached hereto as Exhibit "D" and incorporated herein by reference from NCO.  The letter is the same form letter sent to Plaintiff on September 4th and 8th stating that NCO has attempted to contact Plaintiff by phone but has been unable to reach her.  Plaintiff contends that NCO has not actually attempted to reach her via telephone but merely sends these form letters out to create a paper trail in an attempt to cover their tracks.

15. Plaintiff has exhausted all available remedies to stop the wrongful wage garnishment but

has been unsuccessful despite following federally mandated procedure; therefore, Plaintiff seeks emergency relief from this Court.

## V.    EMERGENCY REQUEST FOR TEMPORARY RESTRAINING ORDER

16. Plaintiff seeks and Emergency, Ex-Parte Temporary Restraining Order (TRO) pursuant to Federal Rules of Civil Procedure 65(b).

17. Plaintiff sets forth the basis for the TRO in the Affidavit attached hereto as Exhibit "E".

18. Plaintiff is seeking a TRO granting affirmative relief ordering Defendants to cancel the Order for Wage Garnishment and cease all future garnishments pending the outcome of this lawsuit.

19. <u>Comparative Harm</u>: Plaintiff will suffer greater harm than Defendants if the TRO is not granted.  Plaintiff has suffered a reduction of $410.00 from each semi-monthly pay check since September.  An $820 reduction to Plaintiff's monthly income has caused an extreme and undue hardship which is preventing Ms. Hall from meeting her monthly obligations for herself and her two children.  Had Plaintiff received the proper notice of the intended garnishment action at least thirty days prior to entry of the Order, she could have made arrangements to make voluntary payments within her budget that would still allow her to meet her living expenses. Defendants NCO, one of the largest debt collection agencies in the country, and Department of Education, will not suffer greater harm than Plaintiff should this TRO be granted. Defendants, assuming they have a valid right to collect, face no immediate harm in the cancellation of the Garnishment Order and would be entitled to collect on the account pending the resolution of this lawsuit were they to follow statutory guidelines.

20. <u>Public Interest</u>: It is in the public interest for the law to be followed and for Plaintiff to be able to work and to contribute to society and to care for her children adequately.  It is also in the

public interest for the U.S. government and agencies which they contract with to follow the procedures and guidelines established by our legislature and not be rewarded by continuing to benefit from circumventing federal laws.

20. <u>Likelihood of Success on the Merits</u>:  Plaintiff has a strong likelihood of success on the merits.  The DCIA has clear, unambiguous guidelines in place for providing at least thirty days' notice to borrowers of intent to garnish wages so that borrowers may make arrangements for voluntary payments in lieu of garnishment.  The DCIA also provides that should a hearing be timely requested, no garnishment activity shall take place until after the hearing has taken place.  Although Plaintiff did not receive the required 30 days' notice, once she learned of the impending garnishment, she immediately requested a hearing within the allotted time period which should have stopped the garnishment.  Additionally, the FDCPA requires that all collection activity be ceased for at least 30 days after the debtor requests validation and/or disputes the validity of the debt.  Plaintiff sent the Request for Validation per the FDCPA but Defendants failed to cease collection efforts in the form of the wage garnishment. As a result of Defendants failure to follow the law, Plaintiff has a strong likelihood of success on the merits.

21. <u>No Adequate Remedy at Law</u>:  Plaintiff has exhausted all administrative options for stay of the wage garnishment including disputing the debt pursuant to FDCPA, 15 U.S.C. §1692g(b) and request for hearing under the DCIA.  However, Defendants have ignored these valid requests and refused to stop the wage garnishment in violation of federal law.  Now Plaintiff's only remedy is for this court to grant the TRO to force Defendants from continuing to break the law.

22. <u>Security</u>: FRCP 65 requires movant to give security in an amount the court considers proper to pay the costs and damages sustained by any party wrongfully enjoined or restrained.

Harris Complaint - 6

Given Plaintiff's reduced income as a result of Defendants' failure to follow the law, Plaintiff proposes that the Court require security in the amount of $100.00.

23. <u>Request for Preliminary Injunction</u>:  Plaintiff further requests a preliminary injunction to go into effect at the expiration of the TRO and to remain in effect until this lawsuit has been resolved on its merits.

## VI.    COUNT I – VIOLATIONS OF THE DEBT IMPROVEMENT ACT OF 1996

24. The Debt Collection Improvement Act of 1996 ("DCIA") is codified at 31 U.S.C. §3701 *et seq.* It authorizes and establishes procedures for the collection of debts owed to the U.S. government through private entities.  One of the stated purposes of the DCIA is "to ensure that debtors have all appropriate due process rights, including the ability to verify, challenge, and compromise claims…" 31 U.S.C §3701(b)(5).  Defendants disregarded the stated purpose of the very statute which authorizes wage garnishment in the first place.

25. Section 3720D(b)(2) of the DCIA states as follows:

> The individual shall be provided written notice, sent by mail to the individual's last known address, a minimum of 30 days prior to the initiation of proceedings …informing the individual of:
> (A)    The nature and amount of the debt to be collected;
> (B)    The intention of the agency to initiate proceedings to collect the debt through deductions from pay; and
> (C)    An explanation of the rights of the individual under this section.
> …
> (4) The individual shall be provided an opportunity to enter into a written agreement with [the agency]… to establish a schedule for repayment of the debt.
> (5) The individual shall be provided an opportunity for a hearing in accordance with subsection (c)
> …
> (c)(1) A hearing…shall be provided *prior* to issuance of a garnishment order if the individual, on or before the 15th day following the mailing of the notice described in subsection (b)(2), …files a petition requesting such a hearing.

31 U.S.C. §3720D (*emphasis added*).

26. The DOE and NCO are both in violation of the above-stated provisions of the DCIA because they failed to provide written notice of the intent to garnish at least 30 days in advance (in fact they failed to provide any notice at all). Additionally, once Plaintiff was made aware of the impending garnishment from her employer and timely requested a hearing, Defendants failed and refused to stop the garnishment pending a hearing.

27. Defendants circumvented federal laws put in place to provide borrowers with voluntary repayment options by failing to give Plaintiff notice of the intended garnishment at least thirty days prior to its implementation.  If Plaintiff would have received the statutorily required Notice, she would have set up a voluntary repayment plan with the DOE.

28. Plaintiff asserts that as a result of Defendants violations of the DCIA, Plaintiff is entitled to recover actual damages, punitive damages and attorney fees from Defendants, jointly and severally.

### VII.   COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff alleges that Defendant NCO (solely) is liable to Plaintiff for violations of the FDCPA.  Plaintiff herein acknowledges that the Department of Education is not subject to liability under the FDCPA.

30. Plaintiff alleges that NCO violated the FDCPA by failing to cease all collection activity upon receipt of Plaintiff's Request for Validation and dispute of the debt pursuant to 15 U.S.C. 1692g(b).

31. Plaintiff sent a written letter disputing the debt and a Request for Validation to NCO on or about August 28, 2014 via certified mail.  Instead of NCO stopping all collection activity,

NCO proceeded to garnish Plaintiff's wages on September 1, 16th and October 1st and 16th of 2014.  This continued activity was in violation of the FDCPA.

32. Plaintiff asserts that Defendant NCO is liable to Plaintiff for statutory damages, actual damages and attorney fees.

## VIII.   COUNT III – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT

33. Plaintiff alleges that Defendants violated her right to procedural due process under the Fifth Amendment of the U.S. Constitution. U.S. Const. amend V. The Fifth Amendment states "[N]or shall any person…be deprived of life, liberty, or property, without due process of law…" *Id.*

34. Plaintiff contends that the DOE and its agent, NCO, violated her right to due process by failing to provide notice of its intention to garnish her wages. In Plaintiff's conversations with NCO, the representative never stated or alleged that they sent any written notice to Plaintiff regarding possible garnishment. If Plaintiff would have received notice of the intended garnishment, she could have requested a hearing within 15 days which would have stayed the Garnishment Order served on her employer.  However, Defendants failure to inform Plaintiff of their intended action was not only a violation of the DCIA but robbed Plaintiff of her due process rights.

35. The purpose of the Due Process Clause is to protect citizens from governmental proceedings and actions which deprive an individual of life, liberty, or as in this case, property without the opportunity to have a hearing on the issue.   Defendants circumvented the DCIA and robbed Plaintiff of her Constitutional right to a hearing by choosing to not provide her notice of their intended action.

36. Defendants should not be allowed to benefit (i.e. collecting proceeds of wage

garnishment) from ignoring the laws put in place to regulate these actions and using their power and authority to unlawfully deprive individuals of their property.

## IX.    COUNT IV – ILLEGAL EXACTION

37. Plaintiff alleges that the DOE's wrongful wage garnishment amounts to an illegal exaction. An illegal exaction claim arises when money is "improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." *Norman v. United States,* 429 F.3d 1081, 1095 (Fed. Cir. 2005).  An illegal exaction involves a deprivation of property without due process of law, in violation of the Due Process Clause of the Fifth Amendment to the Constitution. *See, e.g., Casa de Cambio Comdiv v. United States,* 291 F.3d 1356, 1363 (Fed.Cir.2002).

38. The Department of Education deprived Plaintiff of her property (i.e. earned wages) without due process of law (no notice and therefore no hearing) in violation of the Fifth Amendment and the DCIA.

39. Plaintiff is entitled to a refund of the illegally exacted wages in addition to equitable relief to prevent future illegal exactions.

## X.    PRAYER FOR RELIEF

40. WHEREFORE, Plaintiff, having set forth her claims against the Defendants, prays that this Court enter judgment against Defendants and grant the following relief:

a) An order enjoining/restraining Defendants from further wage garnishment and directing Defendants to IMMEDIATELY cease all future garnishments through the pendency of this case;

b) An order that Defendants refund all sums wrongfully garnished, currently in the amount of $1,640.00 as of October 17, 2014, and any sums subsequently garnished after the filing of this Complaint;

c) Punitive/exemplary damages against Defendants in whatever amount that Plaintiff is found to be entitled;

d)  An Order placing Plaintiff in the position that she would have been in had there been no violation of her rights;

e)  An award of interest, costs and reasonable attorney's fees;

f)  Any and all other remedies due Plaintiff in law and in equity and such other relief as the Court deems appropriate.

This 17th day of October, 2014.

VALDEZ PARÉ POLNICK & WILSON, PLLC

*/s/ Brittené V. Wilson*
Brittené V. Wilson
SBN: 24073326
SDTX: 1609462
2311 Canal St., Suite 326
Houston, TX 77003
832.533.2603 (tel)
832.504.9489 (fax)
Brittene.wilson@valdezpare.com

**ATTORNEY FOR PLAINTIFF**
**MARSHA F. HARRIS A/K/A**
**MARSHA F. HALL**